Arthur G. TUTTLEBEE, Appellant,

v.

Margaret G. TUTTLEBEE, Appellee.

No. 13–85–305–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1985.

Rehearing Denied Dec. 12, 1985.

Earle Cobb, Jr., San Antonio, for appellant.

Stanley Eisenberg, San Antonio, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellee brought suit for cancellation of two warranty deeds. The trial court found for the appellee, cancelled the warranty deeds and awarded attorney's fees against appellant. Appellant brings five points of error.

Appellant is the brother-in-law of appellee. Since the death of appellee's husband, appellant has done yard work and some chauffeuring for appellee. Julius Grossenbacher is an attorney who represented appellee and her husband on many occasions. Grossenbacher performed legal work for appellee in January of 1978 by revoking a power of attorney appellee and her husband had given to her niece by handling the probate of her husband's estate and by the preparation of a will in January of 1979. Appellant was subsequently named the independent executor in appellee's will when appellee's sister, the original executrix, suffered a stroke.

Appellee testified that her 1979 will left her home to appellant. However, Grossenbacher testified that the 1979 will left her property with the following disposition:

One-third of her estate to her brother-in-law, Arthur G. Tuttlebee; and two-thirds of her estate to Frost National Bank in trust for the benefit of her grand-nieces and grand-nephews, ... (names omitted), are [sic] the survivors thereof, share and share alike.

Although appellee's will made no specific devise of her house, appellee testified, "I wanted him (appellant) to have the house after I died." Appellee informed appellant of her desire to leave the house to him when she died. Appellant suggested appellee deed the property to appellant and reserve a life estate as a means of effecting her desire. Grossenbacher prepared two warranty deeds for the property which retained a life estate in appellee. It is not shown why the property was divided into two deeds. Appellee does not dispute that she signed the deeds, which were executed on December 4, 1980, as to lot three and January 5, 1981, as to the west one-half of lot four.

In June of 1983, appellee went to see Stanley Eisenberg, an attorney, to make a change in her will. Eisenberg testified that appellee wanted "the property (to) pass under her will" and "she stated that she wanted to leave the property to Arthur Tuttlebee at that time." Eisenberg further testified, "When she brought her old will in to me to look at, she said that there were also some other documents that she executed, but that she did not know what these documents were at first, or sort of passed it over, and then she kept talking about that it had something to do with her will." Eisenberg performed a title search and found the property had been transferred by the deeds executed by appellee. Eisenberg then attempted to explain to appellee the state of the title in which she retained a life estate. Eisenberg sent appellant a letter seeking a reconveyance of the deeds and threatening litigation if appellant did not comply with appellee's request. Appellee then brought suit for cancellation of the deeds.

Appellant, through points of error one and two, complains that the trial court erred in excluding the testimony of Julius Grossenbacher due to the attorney-client privilege.

This Court has held:

As a general rule, error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevance ... (citations omitted). The complaining party has the burden to show reversible error by demonstrating that the exclusion of evidence was reasonably calculated to and probably did cause the rendition of an improper verdict or judgment.

*Gonzalez v. Texas Department of Human Resources*, 581 S.W.2d 522, 532 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980); *see also Fluellen v. Young*, 664 S.W.2d 776 (Tex.App.—

Corpus Christi 1983, no writ.). There are no bills of exception in the record. By failure to make a bill of exception of the disputed testimony, the appellant failed to carry his burden to show that the exclusion of the evidence was reasonably calculated to and probably did cause an improper judgment. Appellant's first and second points of error are overruled.

Appellant, by point of error 3a, complains that the trial court erred in cancelling the deeds because the action is barred by the statute of limitations.

■ "Affirmative defenses, in the absence of trial by consent, are waived if not affirmatively pleaded." *Wynn v. Wynn*, 587 S.W.2d 790, 792 (Tex.Civ.App.—Corpus Christi 1979, no writ); *see also Plata v. Guzman*, 571 S.W.2d 408, 411 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.); TEX.R.CIV.P. 94. Appellant failed to plead statute of limitations, an affirmative defense, as required by Rule 94. Appellant's point of error 3a is overruled.

Appellant, by points of error 3b, 3c, 3d and 4, complains that the trial court erred as there is no evidence or insufficient evidence of misrepresentations of a material fact or fraud by the appellant.

■ In considering a "no evidence" or "insufficient evidence" point of error we will follow the well established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977); *see also In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984) (per curiam); *Novak v. Schellenberg*, 669 S.W.2d 162 (Tex.App.—Corpus Christi 1984, no writ).

■ The evidence supports the trial court's judgment in cancelling the deeds based on a breach of fiduciary duty. As stated by the Texas Supreme Court:

The term "fiduciary" is derived from the civil law and contemplates fair dealing and good faith, rather than legal obligation, as the basis of the transaction. Further, that the term includes those informal relations which exist whenever one party trusts and relies upon another, as well as technical fiduciary relations.

*Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex.1980). This fiduciary relationship may arise informally from moral, social, domestic, or purely personal relationships. *Texas Bank and Trust Co. v. Moore*, 595 S.W.2d at 507; *Bush v. Stone*, 500 S.W.2d 885, 890 (Tex.Civ.App.— Corpus Christi 1973, writ ref'd n.r.e.). In this case, appellant is the brother-in-law of appellee and the beneficiary of the grant of property. Appellant had been taking care of appellee for three years after the death of appellee's husband. Appellant performed work around the house and chauffeured for appellee as she had poor eyesight, and at age eighty-two was physically unable to perform all the domestic work. Appellant has a real estate license and was pursuing further real estate education through San Antonio College. Appellant's wife is a real estate agent, and her company prepared a market analysis on the property at issue. Appellee told appellant of her desire to will the property to him. Appellant then initiated several discussions with regard to the transfer at issue as a means of effecting this desire. Neither a family relationship nor the mere fact of bestowing benefits establishes a fiduciary relationship. However, as the Supreme Court held in *Texas Bank and Trust Co.*, 595 S.W.2d at 508, "that fact of a family relationship should not of itself establish an exception to the accepted rule that where trust is reposed and substantial benefits gained equity will recognize that the beneficiary is a fiduciary...." We find appellant stands in a fiduciary relationship with appellee.

■ The imposition of a fiduciary relationship does no more than cast upon the profiting fiduciary the burden of showing the fairness of the transactions. *Texas Bank and Trust Co. v. Moore,* 595 S.W.2d at 509. The Supreme Court in *Archer v. Griffith,* 390 S.W.2d 735 (Tex.1964) held:

The issue here is constructive or legal fraud and not actual fraud. Actual fraud usually involves dishonesty of purpose or intent to deceive, whereas constructive fraud is the breach of some legal or equitable duty, which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests.

*Id.* at 740. Appellant knew of appellee's testamentary plans to will him the property. Appellee desired appellant have title to the property *when she died.* Appellant suggested the deeds as a "back-up" to the will, explaining to appellee that the will might be contested by appellee's niece. Representations were made to appellee that the will would convey the property and the deeds were a precaution in case of a contest to the will. Appellee, to the day of trial, did not appear to understand the meaning and legal consequences of the documents she executed. In fact, appellee wrote appellant in February of 1982 informing him that she planned to change her will, specifically leaving the property at issue to appellant. Appellant remained silent and failed to inform appellee that this was not necessary, since she had already brought that transfer about. Transactions between parties where trust and confidence is reposed by one and personal profit is gained by another are severely scrutinized. *Texas Bank and Trust Co. v. Moore,* 595 S.W.2d at 508. The record does not show that the trial court erred in cancelling the deeds. Sufficient evidence exists to show appellant deceived appellee with regard to the legal consequences of the deeds she signed, insuring fee simple title in appellant at her death and denying appellee the opportunity to make a testamentary disposition of the property. The record upholds an implied finding that appellant breached his fiduciary duty of fair dealing with appellee. We overrule appellant's points of error 3b, 3c, 3d and 4.

Appellant, by point of error five, complains that the trial court erred in awarding attorney's fees.

The general rule of law is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract. *Turner v. Turner,* 385 S.W.2d 230, 233 (Tex.1964). Appellee's brief cites TEX.REV.CIV.STAT. ANN. art. 2226 (Vernon Supp.1985) and TEX.BUS. & COM.CODE ANN. § 27.01(e) (Vernon Supp.1985) as statutory authority for the award of attorney's fees. Section 27.01(e) allows attorney's fees for fraud in real estate and stock transactions. This section is inapplicable to the present case because section three of the 1983 Amendment states: "This Act applies to fraud if *every* element of the fraud occurred on or after the effective date of this Act." (Emphasis added). The effective date is September 1, 1983. Appellee executed the deeds in question in December of 1980 and January of 1981.

■ Appellee argues art. 2226 is applicable as it provides for attorney's fees for suits founded on oral or written contracts. When a contract is rescinded it is annulled and abrogated and the rights of the parties under it are extinguished. If any cause of action exists it is necessarily independent of the contract and separate and apart from any of its terms. *See River and Beach Land Corp. v. O'Donnell,* 632 S.W.2d 885 (Tex.App.—Corpus Christi 1982, no writ); *Stinson v. Sneed,* 163 S.W. 989, 991 (Tex.Civ.App.—Amarillo 1914, no writ). The suit to cancel the deeds is not founded on oral or written contracts, but is independent of the contract. Therefore, attorney's fees are not proper under art. 2226 when suit is for cancellation of deeds.

The trial court erred in awarding attorney's fees in this suit to cancel deeds. We sustain appellant's fifth point of error and

reform the judgment to delete that part of the judgment awarding attorney's fees.

The judgment of the trial court is REFORMED, and as reformed, is AFFIRMED.