Clyde Charles **VELTMANN, Jr.**, et al., Appellants,

v.

Exa Veltmann **DAMON**, Appellee.

No. 04–83–00228–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1985.

Rehearing Denied Aug. 27, 1985.

Writ filed Sept. 25, 1985.

Affirmed in Part and Reversed in Part Dec. 11, 1985.

Paul E. Kinsely, Broadus A. Spivey, Spivey & Grigg, Austin, for appellants.

James H. Pearl, Victor H. Negron, Jr., Casseb, Strong & Pearl, Inc., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

ON MOTIONS FOR REHEARING

DIAL, Justice.

Our previous opinion of March 20, 1985 is withdrawn.

This is a contest of a deed to a ranch in Kinney County.

Clyde Charles Veltmann, Sr. and his wife, Baby Means Veltmann were the original owners of the ranch. When Clyde, Sr. died, his will left a life estate in the decedent's half of the ranch to Baby with power to sell or dispose of that interest. After her death, their son, Clyde Charles ("C.C.") Veltmann, Jr., and daughter, Exa Veltmann Damon, were each to receive a life estate with remainder in their children.

On April 25, 1972, Baby executed a warranty deed purportedly conveying the entire ranch to Exa. That deed is the subject matter of this lawsuit. The deed was not recorded until April 16, 1974. On November 13, 1980, "C.C." and his children filed a suit to set aside the deed to his sister, Exa. As grounds for setting aside the deed, "C.C." alleged that Baby was under the undue influence and control of Exa and was a person of unsound mind at the time the deed was executed. It was further alleged that the deed was not intended to convey the undivided one-half interest in the ranch which was part of the estate of Clyde, Sr.

Exa pled the two, three and five year statutes of limitations as affirmative defense. She further asked for a declaratory judgment that "C.C." 's suit was the type of "court action" contemplated by a no contest provision in Clyde, Sr.'s will and should result in a forfeiture in "C.C." 's share of Clyde, Sr.'s estate. Exa also asked for reasonable attorney's fees.

The jury answered special issues that Baby did not lack sufficient mental capacity, nor was she acting under the undue influence of Exa at the time she signed the deed. The jury found that Exa did fraudulently conceal the deed from "C.C." but that he should have discovered the existence of the deed on May 26, 1978. The jury further found that Baby intended the

deed to convey to Exa the interest of the estate of Clyde Veltmann, Sr. in the ranch.

In the judgment the court found that the action of the plaintiffs to invalidate the deed was barred by limitation, and the court ordered that the plaintiffs take nothing by their suit. The court further found that the plaintiffs' suit was not a court action with respect to an interest in the estate of Clyde, Sr., and it was ordered that the rights and entitlements of the plaintiffs in the estate of Clyde, Sr. were not terminated.

The court further found that the deed in question was a valid deed and conveyed to Exa all of the interest of Baby in the ranch, subject to a life estate and all of the interest owned by the estate of Clyde, Sr.

The court also found that the cause of action was not a suit founded on oral or written contract as contemplated by TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985) and disallowed all attorney's fees for Exa.

"C.C." contends by point of error that the trial court erred in holding that his cause of action was barred by limitations. He further contends that the applicable statute of limitation is not the two, three or five year statutes pled by Exa but the four year statute. TEX.REV.CIV.STAT.ANN. art. 5529 (Vernon 1958). He also maintains that the period of limitation does not begin running until he discovered or should have discovered the existence of the deed. We agree with appellant "C.C." that the four year statute of limitation applies, but we disagree as to when the period of limitations commences.

A suit to set aside a deed for undue influence or because of the grantor's mental incapacity is not a "suit to recover real estate" under the three year statute. *Neill v. Pure Oil Co.*, 101 S.W.2d 402, 404 (Tex. Civ.App.—Dallas 1937, writ ref'd). It is a suit of a personal nature and must be brought within four years of its accrual pursuant to TEX.REV.CIV.STAT.ANN. art. 5529. *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62, 69 (1959); *Trustees of Casa*

*View Assembly of God Church v. Williams,* 414 S.W.2d 697, 700 (Tex.Civ.App.—Austin 1967, no writ).

Generally, a cause of action accrues when the facts exist that give rise to the action. The primary purpose of a statute of limitation is to compel the exercise of this right of action within a reasonable time so that the opposing party has a fair opportunity to prepare a defense while witnesses are available and the evidence is fresh in their minds. *Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex.1977). There are instances where peculiar fact situations are such that a potential litigant is unaware that a cause of action exists. There are also instances where the lapse of time does not endanger the reliability of the evidence, such as instances where physical evidence is not subject to alteration. In these cases, courts have applied the so-called "discovery rule" and held that the limitation period does not commence until after the cause of action has been discovered.

The deed sought to be set aside in this instance became a matter of public record on April 16, 1974. According to well settled Texas law, a person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 321 (1941). As a result of the recordation, "C.C." and the other appellants were charged with constructive notice of facts sufficient to accrue the cause of action on April 16, 1974. We hold that as a matter of law, any cause of action to set aside the deed accrued on the date of its recording. Appellants filed suit on November 13, 1980, more than six years subsequent to the constructive notice. Clearly, the suit did not meet the four year limitation period prescribed by article 5529.

This result is consistent with the purpose and rationale of the various limitation statutes. Cases involving the subjective determination of a person's mental capacity or the existence and effects of undue influence at some past time are fraught with the infirmities of cloudy recollection. It is the avoidance of such infirmities for which the particular limitation statutes were intended.

But Exa did not plead the four year statute, only the two, three and five year statutes. The general rule is that affirmative defensive matters such as statute of limitations must be pleaded affirmatively. TEX.R.CIV.P. 94. Every fact necessary to the defensive plea must be set out. But if the elements of the defense are alleged, it is not necessary to also allege the legal conclusion that the cause is barred by limitation. *Preferred Risk Mutual Insurance Co. v. Ravun,* 561 S.W.2d 239, 244 (Tex.Civ.App.—Tyler 1978, writ dism'd) (holding it unnecessary to allege legal conclusion that insurer was barred from denying coverage by waiver).

Further, a defendant is not required to duplicate allegations made by his opponent if the plaintiff fully alleges the factual elements of a defense. *Seiffert v. Bowden,* 556 S.W.2d 406, 409 (Tex.Civ.App.—Corpus Christi 1977, no writ).

Here "C.C." 's pleading averred that Baby signed the deed April 25, 1972. A copy of the deed was attached as an exhibit to "C.C." 's pleading and incorporated therein for all purposes. The attached deed showed on its face that it had been recorded April 16, 1974, in the Deed Records of Kinney County, Texas. "C.C." proved the above by offering the deed as a plaintiff's exhibit. The suit having been filed November 13, 1980, "C.C." 's pleading and proof support a finding that his cause of action was barred by limitation without further pleading by Exa.

The cause of action to set aside the deed having been barred by limitations, appellants' evidentiary issues need not be discussed. We will therefore address the contention of the parties as to the interest in the ranch conveyed by the deed in question.

Baby's legal authority to convey the undivided one-half interest in the ranch owned

by the estate of Clyde Sr. derived from the following language in his will:

> All the rest, residue and remainder of my estate, of every kind and character, real, personal and mixed, and wherever situated, of which I shall die seized and possessed, I hereby give, devise and bequeath unto my beloved wife, Baby Means Veltmann, for and during her natural life, she, the said Baby Means Veltmann, to have the use and benefit of all of my said estate during her natural life, to operate, manage and enjoy said estate in any and every way of her own choice, with no persuasion or interference from any other heir or heirs, and with the full right to sell or otherwise dispose of said estate, either in part or in whole;

■ This created a life estate in Baby with authority to dispose of the fee. If such a power of disposition is exercised, it defeats the remainder. *Edds v. Mitchell*, 143 Tex. 307, 184 S.W.2d 823, 825 (1945); *Riedel v. Kerlick*, 474 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). "C.C." concedes that Baby had the legal authority to convey the interest in the ranch owned by the estate of Clyde, Sr., but he questions whether Baby effectively did so in the deed.

The granting clause in the deed provides as follows:

> GRANTED, SOLD AND CONVEYED, and by these presents do Grant, Sell, and Convey unto EXA VELTMANN DAMON of the County of Bexar and State of Texas, subject to a life estate retained by Grantor, my undivided one-half (½) interest in and to the following described real property in Kinney County, Texas, to-wit: ....

The habendum clause in the deed contains the following language:

> TO HAVE AND TO HOLD all of the above described premises, including all of the community interest owned in said property by the undersigned and *all* of the interest in said property owned by the Estate of CLYDE C. VELTMANN, Deceased....

"C.C." 's contention is that there is an irreconcilable contradiction between the granting clause and the habendum clause. In such a situation, the granting clause should prevail. *Callejo v. City of Garland*, 583 S.W.2d 925, 927 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

Exa, on the other hand, contends that ascertaining the intention of the parties should be determined by viewing the instrument as a whole. The location in the instrument of a particular clause should not be controlling. *Hasty v. McKnight*, 460 S.W.2d 949, 952 (Tex.Civ.App.—Texarkana 1970, writ ref'd n.r.e.).

■ The supreme court has long since relaxed the strictness of the ancient rules for construction of deeds. *Garrett v. Dils Co.*, 157 Tex. 92, 299 S.W.2d 904, 906 (1957). Our task is to ascertain and give effect to the intention of the grantor as expressed in the language used by her. *Cutrer v. Cutrer*, 334 S.W.2d 599, 606 (Tex.Civ.App.—San Antonio 1960), *aff'd*, 162 Tex. 166, 345 S.W.2d 513 (Tex.1961).

■ The jury heard evidence surrounding the circumstances of the execution of the deed and made a finding that Baby intended that the deed convey to Exa the interest in the ranch of the estate of Clyde, Sr. Where a deed is unambiguous, a jury finding on intent should have no legal effect. *Texas Pacific Coal & Oil Co. v. Masterson*, 160 Tex. 548, 334 S.W.2d 436, 439 (1960). The parties agree that the language is unambiguous. We, therefore, will ascertain the intent of the conveyor from the language in the deed in its entirety. We will endeavor to construe the deed so as to harmonize all parts and not set aside the effect of any language used in the deed. *Cockrell v. Texas Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672, 676 (1956).

The granting clause and the habendum clause both make reference to the interest in the ranch owned by the grantor, Baby. In one place it is described as "my undivided one-half interest" and in the other as "the community interest owned in said

property by the undersigned." This language clearly conveys Baby's interest to Exa.

The granting clause makes no reference to the interest owned by the estate of Clyde, Sr. The habendum clause refers to the interest thusly, "TO HAVE AND TO HOLD ... all of the interest in said property owned by the Estate of Clyde C. Veltmann, Deceased." This language does not in anyway conflict with the other language conveying Baby's community interest nor does it give a basis for setting aside the effect of either clause.

But what is the effect of the language in the habendum clause in conveying the interest in Clyde, Sr.'s estate without concomitant language from the granting clause?

■ If from the entire instrument we can ascertain a grantor and a grantee, and there are operative words used showing an intention by the grantor to convey to the grantee an interest which is sufficiently described, and it is signed and acknowledged by the grantor,[1] it is a valid deed. *Harris v. Strawbridge*, 330 S.W.2d 911, 915 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). No technical words of grant are necessary.

■ We hold that the habendum clause reading "TO HAVE AND TO HOLD all of the above described premises, including ... all of the interest in said property owned by the Estate of Clyde C. Veltmann, Deceased, together with all and singular the rights and appurtenances, thereto in anywise belonging, unto the said Grantee, her heirs and assigns, forever" contains sufficient operative words evidencing an intention to convey the interest in the estate to Exa. *Id.*

The trial court correctly found that the deed conveyed Baby's interest, subject to the life estate, and all of the interest in the ranch owned by the estate of Clyde, Sr. "C.C." 's final ground of error is overruled.

Appellee Exa in cross-point one asserts that the action brought by "C.C." in the lower court was in violation of the *in terrorem* clause of Clyde, Sr.'s will. In furtherance of this assertion, appellee contends the trial court erred in failing to terminate the rights and entitlements of appellants to any share of their father's estate.

■ The purpose of an *in terrorem* or "no-contest" clause is to dissuade devisees of a will from challenging the bequests made therein. If the purpose of a suit involving a will is to thwart the testator's intention the forfeiture clause should be effectuated. *Hodge v. Ellis*, 268 S.W.2d 275, 287 (Tex.Civ.App.—Fort Worth 1954), *aff'd in part, rev'd in part*, 154 Tex. 341, 277 S.W.2d 900 (1955).

■ The will of Clyde, Sr. granted to Baby a life estate in the undivided one-half interest of his estate with the power to dispose of that life estate. The intent of Clyde, Sr.,'s will was uncontested by a suit on a subsequent deed. The issue put before us by the parties was merely whether she had in fact made such a conveyance.

Since Exa has conceded Baby had the power to make the conveyance, she has also inherently conceded that Clyde, Sr.'s testamentary intent was in no way thwarted by the suit challenging the deed of April 25, 1972. The forfeiture clause should be given no effect. *Id.* Cross-point one is overruled.

■ In cross-point two, Exa challenges the trial court's refusal to allow her to recover attorney's fees under TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp 1985). Article 2226 allows for the recovery of attorney's fees in "suits founded on oral or written contracts." *Id.* Statutory provisions for the recovery of attorney's fees are in derogation of common law, penal in nature, and must be strictly construed. This is true despite the legislative mandate of liberal construction to promote the statute's underlying purpose. One court of

---

1. The execution of the deed was by Baby Means Veltmann, Individually and as the Independent Executrix of the Estate of Clyde C. Veltmann, Deceased. The acknowledgment stated that Baby Means Veltmann acknowledged the instruments "in the capacity therein stated."

appeals commenting on the legislative intent of article 2226 construed the statute as providing for recovery of attorney's fees "only in suits where persons wronged as a result of the breach of contract were forced to bring suit to collect damages as a result of such breach." *Harden v. Colonial Country Club,* 634 S.W.2d 56, 60 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). We agree with this interpretation and find it consistent with the actual language of the statute requiring that the action be "founded on" a contract.

■ Furthermore, although we agree with Exa's contention that a deed is technically a contract, we nevertheless deny the recovery of attorney's fees since the suit at bar to set aside the deed for undue influence was one founded on the conduct of the defendant, not on the contract itself. For these reasons an award of attorney's fees pursuant to article 2226 would be outside the contemplation of the legislature and erroneous. Cross-point two is overruled.

Although not properly before us, Exa's contention that she is entitled to attorney's fees as the prevailing party in a slander of title suit is preempted by the authority of recent case law with which we agree. *Ryan v. Mo-Mac Properties,* 644 S.W.2d 791, 794–95 (Tex.App.—Corpus Christi 1982, no writ); *American National Bank v. First Wisconsin Mortgage Trust,* 577 S.W.2d 312, 319 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

The judgment is affirmed.