**Clyde Charles VELTMANN, Jr. et al., Petitioners,**

v.

**Exa Veltmann DAMON, Respondent.**

No. C–4582.

Supreme Court of Texas.

Dec. 11, 1985.

Rehearing Denied Jan. 15, 1986.

OPINION

PER CURIAM.

Clyde Veltmann, Jr., and others brought this suit to set aside a deed executed by his mother, Baby Means Veltmann, which conveyed an interest in the family ranch to Exa Veltmann Damon, Baby's daughter and Clyde, Jr.'s sister. Alternatively, Clyde, Jr. asked that the deed be interpreted to convey only Baby's undivided one-half interest in the ranch. The trial court rendered a judgment validating and interpreting the deed to convey, subject to her life estate, Baby's undivided one-half interest in the ranch and the undivided one-half interest of her late husband, Clyde, Sr. The court of appeals affirmed the judgment. 696 S.W.2d 241. We have determined that the court of appeals incorrectly interpreted the deed and, without hearing oral argument, grant Clyde, Jr.'s application for writ of error and reverse, in part, the judgment of the court of appeals. Tex. R.Civ.P. 483.

It is well-settled that when there is an irreconcilable conflict between clauses of a deed, the granting clause prevails over all

other provisions. *Alford v. Krum,* 671 S.W.2d 870, 872 (Tex.1984); *Lott v. Lott,* 370 S.W.2d 463, 465 (Tex.1963); and *Waters v. Ellis,* 158 Tex. 342, 312 S.W.2d 231, 234 (1958).

The granting clause in the deed provides as follows:

GRANTED, SOLD AND CONVEYED, and by these presents do Grant, Sell, and Convey unto EXA VELTMANN DAMON of the County of Bexar and State of Texas, subject to a life estate retained by Grantor, my undivided one-half (½) interest in and to the following described real property in Kinney County, Texas, to writ: ....

The habendum clause in the deed contains the following language:

TO HAVE AND TO HOLD all of the above described premises, including all of the community interest owned in said property by the undersigned and *all* of the interest in said property owned by the Estate of CLYDE C. VELTMANN, Deceased ....

The granting clause of the deed, which purports to convey only Baby's undivided interest in the ranch, obviously conflicts with the deed's habendum clause. The court of appeals' opinion, insofar as it holds that the deed conveys more than Baby's undivided one-half interest in the ranch, conflicts with our opinion in *Alford v. Krum.* Accordingly, we reverse that portion of the court of appeals' judgment awarding Exa Veltmann Damon the interest in the ranch formerly held by Clyde Veltmann, Sr., and remand the cause to the trial court for rendition of judgment in conformity with our opinion. We affirm the court of appeals' judgment in all other respects. Tex.R.Civ.P. 483.