BEHRENS V. HOWARD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-399-CV

JOSEPH MICHAEL BEHRENS APPELLANT

V.

DALE J. HOWARD APPELLEE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from the trial court’s judgment reforming a deed and awarding attorney’s fees to appellee Dale Howard.  In three issues, appellant Joseph Behrens contends that: (1) the trial court erred in awarding attorney’s fees because they are not authorized by contract or by statute; (2) if the attorney’s fees award was proper, there is insufficient evidence to support the award; and (3) if there is sufficient evidence to support the award, the trial court erred in denying Behrens’s motion for new trial because Howard used minimal effort to notify Behrens of the trial setting and the evidence shows Behrens was not consciously indifferent in failing to appear at trial.  We reverse and render in part because the attorney’s fees award was not authorized by contract or by statute.

The facts of this case are undisputed.  Behrens contracted with Howard to purchase approximately six acres of real property.  At closing, Howard inadvertently signed a deed conveying ten acres to Behrens; no one discovered the mistake until almost a year later.  When the mistake was discovered, attorneys for the title company that handled the closing asked Behrens to execute a correction deed, but he refused because Howard failed to reimburse him for taxes and other expenses he had paid for the excess acreage.

Howard filed suit requesting that the trial court reform the erroneous deed, and, alternatively, seeking a declaration that the erroneous deed was of no force and effect.  The case was tried to the court on September 5, 2002. Behrens did not appear.  The trial court signed a judgment reforming the erroneous deed and awarding attorney’s fees to Howard.

In Behrens’s first issue, he contends that Howard’s suit is essentially an action to quiet title and that attorney’s fees are not authorized in a quiet title suit.  Howard contends that his suit is a dispute arising from the contract of sale between the parties and that the contract authorizes the award of attorney’s fees to the prevailing party in any such dispute.  

Howard contends he is entitled to attorney’s fees under section 38.001 of the Texas Civil Practice and Remedies Code.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 38.001 (Vernon 1997).  To recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable under that section and (2) recover damages or something of value.  
Green Int'l, Inc. v. Solis
, 951 S.W.2d 384, 390 (Tex. 1997).  Attorney’s fees are not recoverable under the Texas Civil Practice and Remedies Code in a suit to quiet title even if that suit is brought under the Texas Uniform Declaratory Judgments Act.  
Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture
, 981 S.W.2d 951, 956 (Tex. App.—Houston [1
st
 Dist.] 1998, pet. denied) (“A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court.”); 
Sadler v. Duvall
, 815 S.W.2d 285, 293-94 (Tex. App.—Texarkana 1991, writ denied); 
see
 
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 37.009, 38.001.

In his petition, Howard states that the deed is a cloud on his title to the four erroneously conveyed acres, and the relief he requests is “an order reforming the [deed] to convey to [Behrens] only the [six acres] and return[] record title to the [erroneously conveyed four acres] to [Howard].”  Thus, the suit can also be characterized as an equitable action to reform the erroneous deed.  
See Thalman v. Martin
, 635 S.W.2d 411, 412-13 (Tex. 1982).  

Reformation is available to correct a mutual mistake made in preparing a written instrument so that the instrument reflects the original agreement of the parties.  
See Cherokee Water Co. v. Forderhause
, 741 S.W.2d 377, 379 (Tex. 1987).  Reformation requires two elements:  (1) an original agreement and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing.  
Id
.

The suit in this case was not for the purpose of settling a dispute under the contract of sale; the terms of the contract were never disputed, neither party asserted a breach of the contract, and the contract does not impose a continuing obligation on either party to correct any documentary errors related to the closing.  Howard’s suit arose not from the contract, but from the mistake in incorporating the terms of the contract into the deed.  
Cf. Veltmann v. Damon
, 696 S.W.2d 241, 246-47 (Tex. App.—San Antonio) (op. on reh'g) (holding that suit to set aside deed for undue influence was founded on conduct of the defendant and not on the deed itself), 
aff’d in part, rev’d in part on other grounds
, 701 S.W.2d 247 (Tex. 1985).  The contract was merely evidence of the parties’ agreement to convey six acres rather than ten.  

Furthermore, most of the contract was merged into the deed at closing.
(footnote: 2)  
See Alvarado v. Bolton
, 749 S.W.2d 47, 48 (Tex. 1988) (op. on reh'g) (“‘When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed.’”); 
Harris v. Rowe
, 593 S.W.2d 303, 307 (Tex. 1979) (“A contract of sale which provides for the performance of acts other than the conveyance remains in full force and effect as to such other acts.”).  There is no provision in the deed authorizing an award of attorney’s fees to Howard.  It is true that the merger doctrine does not bar claims based on a mistake in the transaction underlying the deed.  
Munawar v. Cadle Co.
, 2 S.W.3d 12, 17 (Tex. App.—Corpus Christi 1999, pet. denied); 
ECC Parkway Joint Venture v. Baldwin
, 765 S.W.2d 504, 512 (Tex. App.—Dallas 1989, writ denied).  However, the mistake in this case was the inclusion of an incorrect property description in the deed.  There is no claim that the parties were mistaken in failing to include an attorney’s fees provision in the deed.   

We find no authority authorizing an award of attorney’s fees in this type of suit.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 38.001.  Thus, we hold that the trial court erred in awarding Howard attorney’s fees and sustain Behrens’s first issue.

Having sustained Behrens’s first issue, we reverse the portion of the judgment awarding attorney’s fees to Howard and render judgment that Howard take-nothing on his claim for attorney’s fees.  We affirm the remainder of the judgment.
(footnote: 3)

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DELIVERED:  June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The mediation addendum attached to the contract states that “[t]his Agreement for Mediation will survive closing.”  However, no other part of the contract, including the attorney’s fees provision, indicates that it will survive closing.

3:
Behrens’s second issue is contingent upon our affirming the award of attorney’s fees.  Because we reverse and render judgment that Howard take nothing on his claim for attorney’s fees, we do not address this issue.  
See
 
Tex. R. App. P.
 47.1.  In addition, Behrens’s third issue, in which he contends the trial court erred in not granting his motion for new trial because he did not receive notice of the trial setting, appears to be an alternative request for relief in the event we affirm the attorney’s fees award.  However, because it is unclear whether his request is in the alternative, we have reviewed the issue.  The evidence shows that Behrens received constructive notice of the trial setting.  
See Sharpe v. Kilcoyne
, 962 S.W.2d 697, 700 (Tex. App.—Fort Worth 1998, no pet.).  Furthermore, Behrens did not show that his failure to appear was the result of a mistake or accident.  
See Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  Thus, we overrule Behrens’s third issue.