COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-399-CV
 
JOSEPH MICHAEL BEHRENS    
                                                        APPELLANT
V.
DALE J. HOWARD                                                                          
APPELLEE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
This is an appeal from the trial court's judgment reforming a deed and awarding
attorney's fees to appellee Dale Howard. In three issues, appellant Joseph
Behrens contends that: (1) the trial court erred in awarding attorney's fees
because they are not authorized by contract or by statute; (2) if the attorney's
fees award was proper, there is insufficient evidence to support the award; and
(3) if there is sufficient evidence to support the award, the trial court erred
in denying Behrens's motion for new trial because Howard used minimal effort to
notify Behrens of the trial setting and the evidence shows Behrens was not
consciously indifferent in failing to appear at trial. We reverse and render in
part because the attorney's fees award was not authorized by contract or by
statute.
       
The facts of this case are undisputed. Behrens contracted with Howard to
purchase approximately six acres of real property. At closing, Howard
inadvertently signed a deed conveying ten acres to Behrens; no one discovered
the mistake until almost a year later. When the mistake was discovered,
attorneys for the title company that handled the closing asked Behrens to
execute a correction deed, but he refused because Howard failed to reimburse him
for taxes and other expenses he had paid for the excess acreage.
       
Howard filed suit requesting that the trial court reform the erroneous deed,
and, alternatively, seeking a declaration that the erroneous deed was of no
force and effect. The case was tried to the court on September 5, 2002. Behrens
did not appear. The trial court signed a judgment reforming the erroneous deed
and awarding attorney's fees to Howard.
       
In Behrens's first issue, he contends that Howard's suit is essentially an
action to quiet title and that attorney's fees are not authorized in a quiet
title suit. Howard contends that his suit is a dispute arising from the contract
of sale between the parties and that the contract authorizes the award of
attorney's fees to the prevailing party in any such dispute.
       
Howard contends he is entitled to attorney's fees under section 38.001 of the
Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (Vernon 1997). To recover attorney's fees under section 38.001, a party
must (1) prevail on a cause of action for which attorney's fees are recoverable
under that section and (2) recover damages or something of value. Green
Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). Attorney's fees are
not recoverable under the Texas Civil Practice and Remedies Code in a suit to
quiet title even if that suit is brought under the Texas Uniform Declaratory
Judgments Act. Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture,
981 S.W.2d 951, 956 (Tex. App.--Houston [1st Dist.] 1998, pet.
denied) ("A declaratory judgment action may not be used solely to obtain
attorney's fees that are not otherwise authorized by statute or to settle
disputes already pending before a court."); Sadler v. Duvall, 815
S.W.2d 285, 293-94 (Tex. App.--Texarkana 1991, writ denied); see Tex.
Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001.
       
In his petition, Howard states that the deed is a cloud on his title to the four
erroneously conveyed acres, and the relief he requests is "an order
reforming the [deed] to convey to [Behrens] only the [six acres] and return[]
record title to the [erroneously conveyed four acres] to [Howard]." Thus,
the suit can also be characterized as an equitable action to reform the
erroneous deed. See Thalman v. Martin, 635 S.W.2d 411, 412-13 (Tex.
1982).
       
Reformation is available to correct a mutual mistake made in preparing a written
instrument so that the instrument reflects the original agreement of the
parties. See Cherokee Water Co. v. Forderhause, 741 S.W.2d 377, 379
(Tex. 1987). Reformation requires two elements: (1) an original agreement and
(2) a mutual mistake, made after the original agreement, in reducing the
original agreement to writing. Id.
       
The suit in this case was not for the purpose of settling a dispute under the
contract of sale; the terms of the contract were never disputed, neither party
asserted a breach of the contract, and the contract does not impose a continuing
obligation on either party to correct any documentary errors related to the
closing. Howard's suit arose not from the contract, but from the mistake in
incorporating the terms of the contract into the deed. Cf. Veltmann v. Damon,
696 S.W.2d 241, 246-47 (Tex. App.--San Antonio) (op. on reh'g) (holding that
suit to set aside deed for undue influence was founded on conduct of the
defendant and not on the deed itself), aff'd in part, rev'd in part on other
grounds, 701 S.W.2d 247 (Tex. 1985). The contract was merely evidence of
the parties' agreement to convey six acres rather than ten.
       
Furthermore, most of the contract was merged into the deed at closing.(2) 
See Alvarado v. Bolton, 749 S.W.2d 47, 48 (Tex. 1988) (op. on reh'g)
("'When a deed is delivered and accepted as performance of a contract to
convey, the contract is merged in the deed.'"); Harris v. Rowe,
593 S.W.2d 303, 307 (Tex. 1979) ("A contract of sale which provides for the
performance of acts other than the conveyance remains in full force and effect
as to such other acts."). There is no provision in the deed authorizing an
award of attorney's fees to Howard. It is true that the merger doctrine does not
bar claims based on a mistake in the transaction underlying the deed. Munawar
v. Cadle Co., 2 S.W.3d 12, 17 (Tex. App.--Corpus Christi 1999, pet.
denied); ECC Parkway Joint Venture v. Baldwin, 765 S.W.2d 504, 512
(Tex. App.--Dallas 1989, writ denied). However, the mistake in this case was the
inclusion of an incorrect property description in the deed. There is no claim
that the parties were mistaken in failing to include an attorney's fees
provision in the deed.
       
We find no authority authorizing an award of attorney's fees in this type of
suit. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001. Thus, we hold
that the trial court erred in awarding Howard attorney's fees and sustain
Behrens's first issue.
       
Having sustained Behrens's first issue, we reverse the portion of the judgment
awarding attorney's fees to Howard and render judgment that Howard take-nothing
on his claim for attorney's fees. We affirm the remainder of the judgment.(3)
 
   
                                                        TERRIE
LIVINGSTON
   
                                                        JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DELIVERED: June 19, 2003

1.  See Tex. R. App. P. 47.4.
2.  The mediation addendum attached to the contract
states that "[t]his Agreement for Mediation will survive closing."
However, no other part of the contract, including the attorney's fees provision,
indicates that it will survive closing.
3.  Behrens's second issue is contingent upon our
affirming the award of attorney's fees. Because we reverse and render judgment
that Howard take nothing on his claim for attorney's fees, we do not address
this issue. See Tex. R. App. P. 47.1. In addition, Behrens's third
issue, in which he contends the trial court erred in not granting his motion for
new trial because he did not receive notice of the trial setting, appears to be
an alternative request for relief in the event we affirm the attorney's fees
award. However, because it is unclear whether his request is in the alternative,
we have reviewed the issue. The evidence shows that Behrens received
constructive notice of the trial setting. See Sharpe v. Kilcoyne, 962
S.W.2d 697, 700 (Tex. App.--Fort Worth 1998, no pet.). Furthermore, Behrens did
not show that his failure to appear was the result of a mistake or accident. See
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939). Thus, we overrule Behrens's third issue.