Roberto R. CAVAZOS, Individually and as Co–Trustee Of The Anita R. Cavazos Living Trust, and Anita R. Rentfro, Appellants,

v.

Manuel CAVAZOS, IV and Ernesto Cavazos, Appellees.

No. 04–06–00451–CV.

Court of Appeals of Texas, San Antonio.

Nov. 14, 2007.

Rehearing Overruled Jan. 14, 2008.

Melissa A. Rentfro, San Antonio, TX, Karen L. Watkins, McGinnis Lochridge & Kilgore, L.L.P., Austin, TX, Donato D. Ramos, Law Office of Donato D. Ramos, Laredo, TX, for Appellants.

Timothy Patton, Timothy Patton, P.C., San Antonio, TX, James K. Jones, Jr., Edward F. Maddox, Jones & Gonxzalez, P.C., Laredo, TX, for Appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

### BACKGROUND

This appeal involves a dispute among family members over title to two tracts of land located in Zapata County, Texas, one of which is subject to oil and gas leases. The history of the underlying dispute begins with Manuel Cavazos, Jr. and his wife, Berta Vela Cavazos. In 1959, Berta was declared incompetent, and a guardian of her person and estate was appointed. When Berta died in 1986, her guardian had in his possession the two tracts of land. The property was distributed to Berta's heirs, one of whom was Berta and Manuel Jr.'s son, Manuel Vela Cavazos ("Manuel"). Manuel and his wife, Anita R. Cavazos, had five children, four of whom are the parties to the underlying dispute: Manuel Cavazos IV ("Manuel IV"), Ernesto Reyna Cavazos, Roberto R. Cavazos, and Anita C. Rentfro.

## A. The 1976 Deed to the "Vela Land"

Ten years before his mother's death, Manuel executed a warranty deed on March 11, 1976, conveying to Manuel IV and his wife the following: "all that certain INTEREST IN THE ESTATE OF BERTA VELA DE CAVAZOS REALTY, TRACTS OR—SHARES OF LAND SITUATED IN ZAPATA COUNTY, TEXAS, THAT SHE IS NOW IN POSSESSION OF." The land subject to this deed will be referred to as the Vela Land.

## B. The Quitclaim Deed to the "Cavazos Land" and the Trusts

On February 21, 1992, Manuel and Anita created the "Manuel V. and Anita R. Cavazos Trust" ("the 1992 Trust"), into which they transferred "ALL RIGHT/TITLE/INTEREST IN ALL ASSETS OWNED BY EITHER/BOTH." Pursuant to the 1992 Trust, Manuel IV, Ernesto, Roberto, and Anita Rentfro each would receive twenty-five percent of the trust assets upon the death of both parents. Manuel IV and Ernesto were co-trustees of the 1992 Trust. Also on February 21, 1992, Manuel executed a quitclaim deed pursuant to which Manuel "QUITCLAIMED (subject to a life estate in the name of [the 1992 Trust]) and by these presents DOES QUITCLAIM (subject to a life estate in the name of [the 1992 Trust]) to ERNESTO REYNA CAVAZOS ... all of [Manuel's] right, title, and interest in the following described property situated in Zapata County, Texas...." The land subject to this deed will be referred to as the Cavazos Land.

Manuel died in 1999, and in 2001, Anita created the "Anita R. Cavazos Living Trust" ("the Living Trust") into which the assets of the 1992 Trust were transferred. Roberto is co-trustee of the Living Trust. Anita died in 2002.

## C. The Dispute

Less than one month after their mother's death, Manuel IV and Ernesto sued Roberto, both in his individual capacity and as co-trustee of the Living Trust, for: (1) a declaration that they were the owners of the property and all oil, gas and other minerals described in the 1976 Deed and the Quitclaim Deed, free and clear of any claim by the estates of their parents or the Living Trust; (2) removal of any cloud of title from the oil, gas and other mineral interests; (3) an accounting; and (4) punitive damages and attorney's fees. Roberto counter-claimed against his brothers for a declaration that the deeds be declared void and/or voidable and for a declaration as to the true owners of the property interests conveyed by the deeds. Anita Rentfro intervened seeking the same relief as Roberto. All parties moved for summary judgment. The trial court denied Roberto and Anita Rentfro's motion for summary judgment, rendered summary judgment in favor of Manuel IV and Ernesto, and severed out any claims not subject to the summary judgment. This appeal by Roberto and Anita Rentfro ensued.

## STANDING AND LIMITATIONS

As a preliminary matter, Manuel IV and Ernesto (collectively hereinafter, "appellees") contend Roberto and Anita Rentfro (collectively hereinafter, "appellants") have failed to challenge on appeal the trial court's summary judgment ruling that appellants lack standing to challenge the 1976 Deed and the Quitclaim Deed. Appellees also assert appellants have failed to challenge on appeal the trial court's summary judgment ruling that appellants' fraud, conversion, conspiracy, and undue influence claims are barred by limitations. Because the trial court's summary judgment did not encompass the standing and

limitations defenses, we disagree with appellees.

In Roberto's counter-claim and in Anita Rentfro's petition in intervention, they both (1) sought a declaration of the true ownership of the real property interests at issue in the suit and a declaration that the deeds failed to convey any ownership interests to appellees; (2) sought an accounting;[1] (3) claimed monetary damages arising from appellees' fraud, coercion and undue influence;[2] (4) claimed monetary damages arising from appellees' breach of fiduciary duties;[3] and (5) claimed monetary damages arising from appellees' interference with inheritance rights.

Two of the grounds upon which appellees moved for summary judgment against Roberto were that (1) his fraud claims were barred by limitations and (2) Roberto lacked standing to bring his fraud claims. Appellees did not move for summary judgment on the grounds that limitations or standing barred Roberto's claim for declaratory relief on the validity of the deeds. A similar argument was made with regard to the claims asserted by Anita Rentfro.

The trial court rendered summary judgment on specific grounds, expressly declaring that the 1976 Deed was effective to convey the Vela Land to Manuel IV and that the Quitclaim Deed was effective to convey the Cavazos Land to Ernesto. The trial court did not render summary judgment on any claim asserted by appellants to set aside the deeds (e.g., the fraud, conspiracy and undue influence claims), on the other claims asserted by appellants (e.g., breach of fiduciary duty or interference with inheritance rights), or on any defenses asserted by appellees (e.g., lack of standing or limitations). Instead, in the summary judgment, the court severed "issues and causes of action ... not disposed of with the granting of the Partial Summary Judgment." Thus, all of Roberto's and Anita Rentfro's claims, except those for declaratory relief on the validity of the deeds, and any defenses to those claims, remain pending in the severed action.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under traditional summary judgment standards, a defendant moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *See Haynes v. Beceiro,* 219 S.W.3d 24, 27 (Tex.App.-San Antonio 2006, pet. denied). In their motion for a traditional summary judgment, appellees argued (1) the property descriptions contained in both deeds were sufficient to identify the lands conveyed, (2) Manuel had the legal authority to convey his expectancy interest in the Vela Land, and (3) Manuel had the right to convey the Cava-

---

1. Appellants asked for an accounting of all revenues and benefits allegedly wrongfully appropriated by appellees.

2. Appellants claimed appellees conspired to exert undue influence over Manuel to execute the two deeds, and appellees obtained the deeds under circumstances tantamount to fraud.

3. Appellants asserted Manuel IV (who is a CPA) and Ernesto (who is a lawyer) owed a fiduciary duty to their "fragile" and "unsophisticated" parents, which they breached, resulting in damages to appellants as heirs.

zos Land despite the conveyance of property into the 1992 Trust.

## THE 1976 DEED TO THE VELA LAND

█ Manuel purported to convey to Manuel IV the following: "all that certain interest in the estate of Berta Vela De Cavazos realty, tracts or—shares of land situated in Zapata County, Texas, that she is now in possession of." In their summary judgment motion, appellees argued that the deed's description of the property was sufficient "as to whatever land in Zapata County was owned by Grantors, and thus the interests being conveyed can be ascertained with reasonable certainty." In reaching this conclusion, appellees rely on Texas Supreme Court cases that stand for the proposition that land is identified with reasonable certainty when: (1) the contract contains a "statement of ownership" such as "my property," "my land," or "owned by me" and (2) it is shown by extrinsic evidence that the party to be charged owns only one tract of land fitting the property description in the contract. *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222, 223 (1949); *Kmiec v. Reagan,* 556 S.W.2d 567, 569 (Tex.1977) (quoting with approval to *Pickett* ); *see also Moudy v. Manning,* 82 S.W.3d 726, 728 (Tex.App.-San Antonio 2002, pet. denied) (setting out two-part test under *Pickett* ).

Appellees' reliance is misplaced for two reasons. First, the 1976 Deed does not include a statement of Manuel's ownership because it does not state that the "grantor's interest," "my interest," or "Manuel Vela Cavazos's interest" is being conveyed. Instead, the deed recites that the interest being conveyed is "all that certain interest in the estate of Berta ... that she is now

in possession of." Second, no extrinsic evidence shows that Manuel, as the grantor, "own[ed] a tract and only one tract of land answering the description in the [deed]." [4] Accordingly, we conclude that the 1976 Deed, standing alone, does not sufficiently describe the property to be conveyed. *See Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699, 701 (1951) (holding that courts are not at liberty "to substitute 'my' for 'an' so as to make the granting clause read: 'my undivided interest' instead of 'an undivided interest,' ... [courts] must construe this language as it is written and ... have no right to alter it by interpolation or substitution.").

Nevertheless, on appeal, appellees continue to argue that the 1976 Deed contained sufficient information to identify the property conveyed because, according to appellees, the record establishes that the parties to the deed, lessees, attorneys, and others "had no problem determining that the property conveyed consisted of Manuel's interest in the Vela Lands as inherited from Berta." It is true that the subsequent execution of a formal document, even to a third person, that expressly recognizes in clear language the validity of the "lifeless deed or lease has been held to give it life." *Hastings v. Pichinson,* 370 S.W.2d 1, 4 (Tex.Civ.App.-San Antonio 1963, no writ) (applying rule of ratification and holding that a defective description, even to the extent of its total omission, can be corrected and supplied by recitals in a subsequent lease that acknowledged the validity of a former deed). However, appellees did not assert ratification as a basis for summary judgment; therefore, we do not consider whether summary judgment on that basis was proper. Instead, we consider whether certain later-executed

4. There is no dispute that Manuel was not Berta's guardian; therefore, he had no authority to convey Berta's property.

documents somehow fill the descriptive gaps in the 1976 Deed.

 Words of description are given a liberal construction in order that the conveyance may be upheld, and parol evidence is admissible to explain the descriptive words and to identify the land, if the instrument contains the "nucleus" of description. *Gates v. Asher,* 154 Tex. 538, 280 S.W.2d 247, 248 (1955). "If enough appears in the description so that a party familiar with the locality can identify the premises with reasonable certainty, [the description] will be sufficient." *Id.* at 248–49. Appellees point to numerous division orders and letters regarding division orders, some of which contain property descriptions, in support of their argument that the language of the 1976 Deed provides "sufficient 'clues, keys, means or data' so that the property interest conveyed could be identified with reasonable certainty." Appellees assert that the division orders and letters recognize the validity of the interests conveyed in the 1976 Deed. However, appellees do not cite to any specific page in the record in support of their argument. Instead, appellees refer generally to several documents comprising hundreds of pages in the clerk's record. Even if one or more of these hundreds of pages of documents contained a property description, appellees' argument must still fail because the 1976 Deed itself contains no "nucleus" description of the land.

 Finally, appellees argue that Manuel intended to convey, not a specific parcel of land, but rather his expectancy interest in any land he may inherit from Berta's estate. And, appellees again point to the hundreds of pages of division orders and letters contained in the record as evidence that this interest was recognized by others over the years. There is no dispute that a prospective heir may convey an estate that commences in the future, in the same manner as by a will. *See* TEX. PROP.CODE ANN. § 5.041 (Vernon 2004); *see also Parker v. Blackmon,* 553 S.W.2d 623, 624 (Tex.1977) (holding that "the effective conveyance of the interest in an estate contingent or vested, or even an expectant interest is clearly permissible."); *Richardson v. Richardson,* 270 S.W.2d 307, 312 (Tex.App.-Dallas 1954, writ ref'd) (quoting with approval to former statute: "An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."). But, such an instrument must clearly manifest the intention of the prospective heir to sell, assign or convey his expectancy or future interest. *McConnell v. Corgey,* 153 Tex. 49, 262 S.W.2d 944, 947 (1954).

Here, it is clear Manuel intended to convey an interest of some sort to Manuel IV. However, nothing on the face of the deed, or by resort to another document referring to the deed, indicates what Manuel intended to convey. If he intended to convey Berta's property, then, as we have already noted, he had no authority to do so and, even if he had the authority to convey Berta's property, the description of the conveyed property is insufficient. If he intended to convey his expectancy or future interest in Berta's property, then that intention is not clearly manifested. However, we do not believe this ambiguity renders the 1976 Deed void. Instead, given that the deed is susceptible to more than one interpretation, we conclude construction of the deed is a matter for the finder of fact. *See Sage Street Assoc. v. Northdale Constr. Co.,* 863 S.W.2d 438, 445 (Tex.1993) (court may conclude that a contract is ambiguous even when the parties do not plead ambiguity); *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983) (holding that whether a contract is ambiguous is a question of law for the court to

decide). Accordingly, summary judgment in favor of Manuel IV was inappropriate.

## THE QUITCLAIM DEED AND THE CAVAZOS LAND

 Manuel purported to convey to Ernesto the following: "(subject to a life estate in the name of [the 1992 Trust]) and by these presents DOES QUIT-CLAIM (subject to a life estate in the name of [the 1992 Trust]) to ERNESTO REYNA CAVAZOS ... all of [Manuel's] right, title, and interest in the following described property situated in Zapata County, Texas...." In his counter-claim, Roberto alleged the Quitclaim Deed was ineffective to convey title because the land subject to the deed had already been conveyed to the 1992 Trust. Therefore, according to Roberto, the terms of the 1992 Trust governed any conveyance. In their motion for summary judgment, appellees contend the Quitclaim Deed and the conveyance of the same land to the 1992 Trust were part of a single transaction; therefore, Manuel intended to convey the land to Ernesto while retaining a life estate in the lands via the trust.[5]

 On appeal, Roberto argues that Manuel's conveyance of any interest did not become effective until the deed was delivered to the Zapata County Clerk. We disagree. In order to be effective to transfer title to land, a deed must be delivered *to the grantee. Martin v. Uvalde Sav. and Loan Ass'n,* 773 S.W.2d 808, 812 (Tex. App.-San Antonio 1989, no writ). "Delivery requires acceptance of the deed, either expressly or impliedly." *Id.* "Therefore, a deed which is not accepted by *the grantee* does not convey any interest in the land."

*Id.* (emphasis added). Here, the evidence is uncontroverted that Manuel executed the following three instruments on the same date, at the same time, in the same place, and before the same notary: (1) the Quitclaim Deed, (2) the Joint Revocable Living Trust Agreement, (3) the conveyance of property unrelated to the underlying dispute to the 1992 Trust. Roberto focuses his argument on when the Quitclaim Deed was recorded and delivered to the county clerk. But, under *Martin,* transfer of title is effective upon delivery to the grantee, and nothing in the record controverts Ernesto's affidavit testimony that he immediately received the Quitclaim Deed from his father on the date it was executed in Ernesto's office. Also, nothing in the record controverts Ernesto's affidavit testimony that the first document executed in his presence was the Quitclaim Deed. Accordingly, the summary judgment evidence establishes that the conveyance of the Cavazos Land to Ernesto was effective upon execution of the Quitclaim Deed and delivery of the deed to Ernesto. *See Adams v. First Nat'l Bank of Bells/Savoy,* 154 S.W.3d 859, 869 (Tex.App.-Dallas 2005, no pet.). Therefore, we hold that the Quitclaim Deed was effective to convey the Cavazos Lands to Ernesto.

## CONCLUSION

We hold that the conveyance by Quitclaim Deed to Ernesto was effective and summary judgment in favor of Ernesto on that basis should be affirmed. We also hold that the summary judgment evidence did not conclusively establish, as a matter of law, that Manuel intended to convey an expectancy interest to Manuel IV in the 1976 Deed; therefore, summary judgment

---

5. On appeal, Roberto argues Ernesto did not seek summary judgment relief on this issue. In their motion for summary judgment, appellees stated that the "[Q]uitclaim [D]eed should be given full effect because ... the

[deed] clearly reflected [Manuel's] intention to convey it to [Ernesto] while [Manuel and Anita] retained the use and possession of [the land] for their life." Therefore, Roberto's argument is without merit.

in favor of Manuel IV should be reversed. The cause is remanded for further proceedings.