*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00617-CV

Anita C. **RENTFRO**,
Appellant

v.

Manuel **CAVAZOS** IV and Ernesto R. Cavazos,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 5163
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  February 15, 2012

AFFIRMED

This appeal involves a continuing dispute among family members, specifically appellant

Anita C. Rentfro ("Rentfro") and her brothers Manuel Cavazos IV ("Manuel IV") and Ernesto R.

Cavazos ("Ernesto"), appellees, over title to property located in Zapata County, Texas.  An

appeal from a partial summary judgment involving title to the property was previously decided

by this court in *Cavazos v. Cavazos*, 246 S.W.3d 175 (Tex. App.—San Antonio 2007, pet.

denied) ("*Cavazos I*").  In that opinion, this court affirmed a partial summary judgment in favor

of Ernesto, holding that a quitclaim deed conveyed to him certain land in Zapata County. *Id.* at 181. In that same opinion, however, we reversed a partial summary judgment in favor of Manuel IV, holding the summary judgment evidence did not conclusively establish that a warranty deed was intended to convey an expectancy interest in certain lands in Zapata County to Manuel IV. *Id.* at 181-82. This portion of the judgment was remanded to the trial court for further proceedings. *Id.* at 182. We also noted the trial court had severed out several pending claims and defenses between the parties, and that those remained pending and were not before the appellate court. *Id.* at 177-78.

After remand, the parties agreed to reconsolidate the severed claims with the remanded issue regarding the attempted conveyance to Manuel IV. Again, Manuel IV and Ernesto filed partial motions for summary judgment on traditional and no evidence grounds. The trial court granted the motions without identifying the grounds upon which they were granted. The trial court also severed pending claims by Manuel IV and Ernesto against their brother Roberto R. Cavazos ("Roberto") for accounting, breach of fiduciary duty, punitive damages, and attorney's fees, as well as Manuel IV's and Ernesto's claims for affirmative relief against The Anita R. Cavazos Living Trust, and their claims for attorney's fees against Rentfro. Rentfro then perfected this appeal.[1]

**BACKGROUND**

*The Family*

Berta Vela Cavazos and Manuel Cavazos Jr. were married. Manuel Jr. died in 1976, and Berta died in 1986. Berta died intestate and her property was distributed to her heirs, including her son, Manuel.

---

[1] Originally, Roberto also perfected an appeal. However, he ultimately moved to dismiss his appeal, and this court granted the motion. Accordingly, Roberto is not a party to this appeal.

Manuel was married to Anita R. Cavazos. They had five children: Roberto, Rentfro, Manuel IV, Ernesto, and Gloria.[2] Manuel died on March 10, 1999, and his wife, Anita R. Cavazos, died on May 2, 2002.

### *The Conveyances*

According to the summary judgment evidence, in a letter dated October 30, 1975, Manuel wrote to Manuel IV stating he hoped Manuel IV would purchase his "future estate" because Manuel needed to obtain funds for "business opportunities that are knocking at my door." Manuel IV was concerned about the validity of his father conveying his future interest in the estate of Berta (Manuel's mother and Manuel IV's grandmother). In his affidavit, Manuel IV averred that he did not want to accept the conveyance until he was assured it would be valid. Manuel IV received those assurances from his father in the form of a legal brief dated February 8, 1976. Manuel, who had a law certificate from LaSalle University, drafted an explanatory brief on the issue, concluding, based on supreme court authority, the assignment of an expectancy interest was valid in equity.

Therefore, on March 11, 1976, ten years before his mother Berta's death, Manuel executed a warranty deed ("the 1976 deed") to his son Manuel IV, conveying to Manuel IV and his wife "all that INTEREST IN THE ESTATE OF BERTA VELA DE CAVAZOS REALTY, TRACTS OR - - SHARES OF LAND SITUATED IN ZAPATA COUNTY, TEXAS THAT SHE IS NOW IN POSSESSION OF." We will refer to this land as the "Vela Land." The summary judgment evidence shows that in exchange, Manuel IV and his wife executed a promissory note to Manuel in the amount of $36,000.00. The evidence shows that for the next nine and a half years, Manuel IV made monthly payments to his father on the note. On March 19, 1976, Manuel wrote to Manuel IV and his wife, who lived in California, that he had recorded

---

[2] It seems Gloria was never involved in the previous or current dispute.

the deed and filed it. He enclosed a copy of the deed in the letter. The letter was signed "LOVE & THANKS."

The summary judgment evidence shows that on February 2, 1982, Manuel offered to buy back his future interest in Berta's estate from Manuel IV and Manuel IV's wife. By letter, Manuel advised he would buy back the property or Manuel IV could simply stop making payments on the note. Manuel signed the letter, "LOTS OF LOVE TO BOTH AND THE CHILDREN." More than three years later, Manuel IV and his wife executed a deed conveying a life estate to Manuel and his wife Anita, in one-half of the minerals previously conveyed in the 1976 deed ("the 1985 deed"). In return, Manuel relieved Manuel IV and his wife from further liability on the $36,000.00 promissory note, which Manuel declared paid in full.

On February 21, 1992, Manuel executed a quitclaim deed ("the 1992 deed") in favor of Ernesto, which stated that he "QUITCLAIMED (subject to a life estate in the name of [the 1992 Trust]) and by these presents DOES QUITCLAIM (subject to a life estate in the name of [the 1992 Trust]) to ERNESTO REYNA CAVAZOS . . . all of [Manuel's] right, title, and interest in the following described property situated in Zapata County . . . ." We will refer to this land as the "Cavazos Land." On that same day, but after executing the quitclaim deed, Manuel and Anita created the "Manuel V. and Anita R. Cavazos Trust" ("the 1992 Trust"). *See Cavazos I*, 246 S.W.3d at 181 (holding Ernesto's uncontroverted affidavit established quitclaim deed was executed first and was delivered to him upon execution). Manuel and Anita transferred into the 1992 Trust "ALL RIGHT/TITLE/INTEREST IN ALL ASSETS OWNED BY EITHER/BOTH." Pursuant to the terms of the trust, Manuel IV, Ernesto, Roberto, and Rentfro would each received twenty-five percent of the trust assets upon the death of both parents. Manuel IV and Ernesto were named co-trustees of the 1992 Trust.

After Manuel died in 1999, Anita created the "Anita R. Cavazos Living Trust" ("the Living Trust") into which the assets of the 1992 Trust were transferred. Roberto was named a trustee of the Living Trust. Anita died in 2002.

### The Dispute

Almost immediately after their mother's death, Manuel IV and Ernesto sued Roberto, individually and in his capacity as trustee of the Living Trust. *Cavazos I*, 246 S.W.3d at 177. They sought: (1) a declaration that they were the owners of the Vela and Cavazos Lands, free and clear of any claim by the estates of their parents or the Living Trust; (2) removal of any cloud of title on the mineral interests in the Vela and Cavazos Lands; (3) an accounting; (4) breach of fiduciary duty; (4) punitive damages; and (5) attorney's fees. *Id.* Roberto answered and filed a counterclaim by which he asked the court to declare all of the deeds to Manuel IV and Ernesto void or voidable and to determine the true owners of the Vela and Cavazos Lands. Rentfro then intervened, essentially seeking the same relief as Roberto. Roberto and Rentfro also sought to set aside the deeds on grounds of fraud, duress, coercion, undue influence, and conspiracy, and sought damages based on claims for breach of fiduciary duty, breach of the duty of good faith and fair dealing, conversion, and interference with inheritance rights. They also asked for an accounting. Rentfro also asserted breach of fiduciary duty claims with regard to the Manuel IV's and Ernesto's actions as to the 1992 Trust, of which they were co-trustees. With regard to the claims asserted by Roberto and Rentfro regarding the deeds, Manuel IV and Ernesto asserted the defenses of lack of standing and limitations.

All parties moved for summary judgment, but not on all claims or defenses. The trial court denied the motions filed by Roberto and Rentfro, thereby denying their claims for

declaratory relief as to the deeds. The trial court granted summary judgment in favor of Manuel IV and Ernesto, but only on certain grounds, declaring the 1976 deed effective to convey the Vela Land to Manuel IV and the 1992 deed effective to convey the Cavazos Land to Ernesto. All other claims were severed and abated at the request of Roberto and Rentfro. Thus, all of Roberto's and Rentfro's claims to set aside the deeds based on fraud, etc., and their affirmative claims for relief remained pending, as did Manuel IV's and Ernesto's defenses to those claims. *Cavazos I*, 246 S.W.3d at 178.

Roberto and Anita appealed the trial court's partial summary judgment in favor of Manuel IV and Ernesto, arguing the trial court erred in determining the deeds were effective. *Id.* at 177. As to the 1992 deed, which transferred the Cavazos Land to Ernesto, Roberto and Rentfro claimed the 1992 deed was ineffective because the land subject to the deed had already been conveyed to the 1992 Trust, and therefore the terms of the 1992 Trust governed any conveyance. *Id.* at 181. In our first opinion, however, we agreed the summary judgment evidence produced by Ernesto, which was uncontradicted, established the 1992 deed and the conveyance of the same land to the 1992 Trust were part of a single transaction, establishing Manuel's intent to convey the land to Ernesto while retaining a life estate in the land via the 1992 Trust. *Id.* Accordingly, we affirmed the partial summary judgment in favor of Ernesto, holding the 1992 deed effectively conveyed to him the Cavazos Land. *Id.* We determined that contrary to Roberto's and Anita's assertions, the uncontradicted summary judgment evidence established the 1992 deed was executed by Manuel before any other document and delivered to Ernesto immediately after it was executed, and this was sufficient pursuant to case law to make the title transfer effective. *Id.*

In that same opinion, however, we reversed the partial summary judgment in favor of Manuel IV, holding the summary judgment evidence did not conclusively establish the 1976 deed was intended to convey an expectancy interest in the Vela Land to Manuel IV. *Id.* at 181-82. We held that while it was clear Manuel intended to convey "an interest of some sort to" Manuel IV, there was nothing on the face of the deed or by resort to another document that proved as a matter of law what Manuel intended to convey. *Id.* at 180. We stated that if Manuel intended to convey his mother's property, he had no authority to do so, and if he did have such authority, the property description was insufficient. *Id.* And, if Manuel intended to convey his expectancy or future interest in his mother's property to Manuel IV, that intention was not clearly manifested in the deed. *Id.* We held these ambiguities did not render the 1976 deed void, but the ambiguity created a fact question requiring remand. *Id.* This portion of the judgment was remanded to the trial court for further proceedings. *Id.* at 182.

Roberto and Anita sought review in the Texas Supreme Court, which was denied on September 3, 2008. Our mandate, which issued on September 15, 2008, stated: "In accordance with this court's opinion . . . those portions of the trial court's judgment disposing of the Vela Lands . . . are REVERSED and the cause REMANDED for further proceedings. The judgment is AFFIRMED in all other respects."

Upon remand, Manuel IV and Ernesto moved the trial court to set aside its previous severance and abatement, and reconsolidate all matters. The trial court ultimately entered an agreed order setting aside its prior severance and abatement order and reconsolidating all claims and causes of action.

Thereafter, Manuel IV and Ernesto filed separate traditional and no evidence partial motions for summary judgment. Though the motions were filed separately, they contain, in

essence, the same grounds: (1) Roberto's and Rentfro's claims are barred because they lack standing; (2) Roberto's and Rentfro's claims are barred by the statute of limitations; (3) Roberto's and Rentfro's claims are barred by the doctrine of ratification; and (4) there is no evidence of Roberto's and Rentfro's claims for fraud, undue influence, duress, coercion, breach of fiduciary duty, breach of the duty of good faith and fair dealing, conversion, conspiracy, tortious interference with inheritance rights, and no evidence to support an accounting, imposition of a constructive trust, or the appointment of an auditor.

In addition to the grounds listed above, Ernesto filed a supplement to his motion for summary judgment, asserting that to the extent Roberto and Rentfro contend the 1992 deed was not effective based on the timing of the execution and delivery of the deed, such claims are barred as a matter of law by law of the case, res judicata, and collateral estoppel based on our holding in *Cavazos I*. Manuel IV and Ernesto did not move for summary judgment on their claims against Roberto and Rentfro or their requests for attorney's fees against these individuals or the Anita R. Cavazos Living Trust. Rather, in their motions for summary judgment, they asked the trial court to sever those claims.

Roberto and Rentfro filed responses to the motions filed by Manuel IV and Ernesto. After reviewing the motions, responses, and summary judgment evidence, the trial court granted Manuel IV's and Ernesto's motions in their entirety. Pursuant to the trial court's summary judgment order: (1) Roberto and Rentfro took nothing on their claims for declaratory, equitable, and monetary relief against Manuel IV and Ernesto; (2) Manuel IV's and Ernesto's claims for an accounting, breach of fiduciary duty, punitive damages, and attorney's fees against Roberto were severed; and (3) Manuel IV's and Ernesto's claims for attorney's fees against Rentfro and the Anita R. Cavazos Living Trust were severed. Ultimately, Roberto and Rentfro filed notices of

appeal. However, Roberto later filed a motion to dismiss his appeal, which this court granted on May 6, 2011. *See Cavazos v. Cavazos*, No. 04-10-00617-CV (Tex. App.—San Antonio May 6, 2011, order). Accordingly, only Rentfro's appeal is pending before us.

## ANALYSIS

We begin by noting that in her first issue, which contains a global challenge to the trial court's granting of summary judgment in favor of Manuel IV and Ernesto, Rentfro also contends the trial court erred in denying *her* motion for summary judgment. In other words, Rentfro contends we are reviewing competing motions for summary judgment. We disagree with this contention.

After remand, Rentfro did not file a new motion for summary judgment. Rather, in the body of her response to Manuel IV's and Ernesto's partial motions for summary judgment, she included a statement that she was incorporating into her response several documents, one of which was the "First and Second Traditional Motions for Partial Summary Judgment," which she and Roberto filed before this court's decision in *Cavazos I*. We hold this is not a proper method by which to seek summary judgment.

In *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 342-43 (Tex. 1993), the supreme court held that even if a nonmovant fails to except, respond, or obtain a ruling, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as matter of law. As stated in *McConnell*, "Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion." 858 S.W.2d at 340 (quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991 writ denied) (op. on reh'g)); *see Travis v.*

*City of Mesquite,* 830 S.W.2d 94, 100 (Tex. 1992) (holding that this court will not affirm a summary judgment on ground not specifically presented in motion for summary judgment).

The issue of incorporation by reference of summary judgment grounds was addressed by the Fort Worth Court of Appeals in *Camden Machine & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 310 (Tex. App.—Fort Worth 1993, no writ). Citing *McConnell*, the *Camden* court held a summary judgment motion that incorporated by reference grounds from the summary judgment motions of co-defendants was insufficient as a matter of law, noting that under *McConnell*, a motion for summary judgment must stand or fall on its own merits and the motion itself must assert the grounds relied upon. *Id.*

We find the *Camden Machine & Tool* holding to be in accord with the supreme court's discussion in *McConnell* wherein the supreme court recognized the dangers of creating exceptions to the rule that summary judgment grounds must be expressly stated in the motion:

> Carving exceptions to this simple requirement that the motion for summary judgment state the specific grounds frustrates the purpose of Rule 166a(c). Eventually the exceptions would consume the rule, and inject uncertainty into summary judgment proceedings concerning what issues were presented for consideration. Furthermore, it is certainly not unduly burdensome to require the movant to state the specific grounds in the motion for summary judgment.

*McConnell*, 858 S.W.2d at 341.

Two courts of appeals have permitted summary judgment movants to incorporate by reference grounds found in summary judgment motions filed by co-defendants. *See, e.g., Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Texas courts have recognized adoption of co-party's motion for summary judgment as a procedurally legitimate practice."); *Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 700 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 118 S.W.3d 742 (Tex. 2003) (holding trial court did not err in allowing defendants to adopt and incorporate, as their grounds for summary judgment, the

grounds for summary judgment alleged by co-defendants). However, we believe such practice was specifically denounced by the supreme court in *McConnell*. Moreover, even if such a practice was permissible, Rentfro was not incorporating by reference a motion of a co-defendant; rather, she was incorporating a motion she previously filed that was expressly denied by the trial court.

Finally, in her appellate brief, other than stating the trial court erred in denying her motion for summary judgment, there is no specific argument concerning the denial of her motion for summary judgment. She has, therefore, failed to properly brief this contention. *See* TEX. R. APP. P. 38.1(i) (stating appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record). Accordingly, we will review this case as though only Manuel IV and Ernesto filed motions for summary judgment.

### *Standard of Review*

Manuel IV and Ernesto filed both traditional motions for summary judgment pursuant to rule 166a(c) of the Texas Rules of Appellate Procedure and no evidence motions for summary judgment pursuant to rule 166a(i). Manuel IV and Ernesto asserted multiple traditional and no evidence grounds, and the trial court granted their motions without stating the specific grounds upon which the motions were granted. When a movant asserts multiple grounds for summary judgment, and the trial court grants summary judgment without specifying the grounds for its ruling, we must affirm the summary judgment if any of the grounds are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989); *Chrismon v. Brown*, 246 S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993) (stating that when there are multiple grounds for summary

judgment and the order does not specify the ground on which the summary judgment was granted, appealing party must negate all grounds on appeal).

We review traditional and no evidence summary judgments de novo. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary judgment under rule 166a(c) is properly granted only when the movant establishes there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

A no evidence motion for summary judgment under rule 166a(i) is essentially a motion for a pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The motion must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310; *All Am. Tel., Inc.*, 291 S.W.3d at 526. The trial court is required to grant the motion unless the

nonmovant produces more than a scintilla of summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

In addition to other grounds, Manuel IV and Ernesto moved for summary judgment based on certain affirmative defenses. When a defendant moves for summary judgment based on an affirmative defense, it is his burden to prove conclusively all elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish this, the defendant must present summary judgment evidence that establishes each element of his defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996); *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 491 (Tex. App.—San Antonio 2003, pet. denied). Manuel IV and Ernesto both moved for summary judgment on three affirmative defenses: limitations, ratification, and lack of standing.[3] *See* TEX. R. CIV. P. 94; *Pressure Sys. Int'l, Inc. v. Sw. Research Inst.*, 350 S.W.3d 212, 215-16 (Tex. App.—San Antonio 2011, pet. denied) (recognizing limitations as affirmative defense); *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 146 (Tex. App.—Corpus Christi 2006, pet. denied) (recognizing ratification as affirmative defense); *Faulkner v. Bost*, 137 S.W.3d 254, 259 (Tex. App.—Tyler 2004, no pet.) (recognizing lack of standing as affirmative defense). In addition, Ernesto filed a supplement to his motion for summary judgment, seeking summary judgment on the affirmative defenses of res judicata and collateral estoppel. *See* TEX. R. CIV. P. 94; *Brown v. Zimmerman*, 160 S.W.3d 695, 702

---

[3] Manuel IV and Ernesto also sought a no evidence summary judgment based on standing. However, the law is clear that a party may not move for a no evidence summary judgment in order to prevail on his own affirmative defense, i.e., a defense upon which he has the burden of proof at trial. *Pollard v. Hanschen*, 315 S.W.3d 636, 639 (Tex. App.—Dallas 2010, no pet.). A nonmovant need not even respond to such an assertion because it should not have been filed. *Id.* Accordingly, we cannot consider Manuel IV's and Ernesto's assertion that there was no evidence Rentfro had standing to bring her claims. *See id.*

(Tex. App.—Dallas 2005, no pet.) (recognizing res judicata as affirmative defense); *SWEPI, L.P. v. Camden Res., Inc.*, 139 S.W.3d 332, 338 (Tex. App.—San Antonio 2004, pet. denied) (recognizing collateral estoppel as affirmative defense). As to these defenses, it was the burden of Manuel IV and Ernesto to establish them as a matter of law.

### *Application*

In her brief, Rentfro asserts five appellate issues:

- The trial court erred in granting summary judgment for Appellees' and denying Appellant's request for summary judgment in conflict with this Court's prior judgment and controlling jurisdiction.

- The trial court further erred in granting additional summary judgment requests including Appellees' time bared [sic] claim for attorney's fees against Appellant/Intervenor, Anita C. Rentfro, and denying Appellant/Intervenor's request for summary judgment despite her submission of significant further evidence supporting a ruling in her favor as a matter of law and the four year statute of limitations against making new claims.

- Appellant, Anita C. Rentfro, has standing as beneficiary of both trusts subject to this suit and legal heir to her parent's [sic] estate.

- Division orders do not ratify deeds and are only valid until controverted.

- Mrs. Cavazos used her power as trustee of the 1992 Joint Revocable Trust to revoke said trust and placed trust properties in the Trust Agreement of Anita R. Cavazos. Said property is the subject of all instruments which Appellees' [sic] had enforced in the trial court counter to their parents' intentions and the final trust agreement which are controlling and require division of their real property in accordance with the trusts' intentions.

Upon review, however, we have determined the issues as stated do not necessarily comport with the actual argument within the brief. We will, therefore, review the issues as argued within the brief. *See Petras v. Criswell*, 248 S.W.3d 471, 475 n.1 (Tex. App.—Dallas

2008, no pet.) (holding that where issues identified in section of brief entitled "Issues Presented" did not comport with issues identified and briefed in section of brief entitled "Arguments and Authorities," court would review issues as identified in "Arguments and Authorities" section because simply stating issues without argument does not comport with mandates of rule 38.1(h) of the Texas Rules of Appellate Procedure). After reviewing appellant's brief and reply brief we hold Rentfro raises the following arguments on appeal:

1. The trial court erred in granting summary judgment in favor of Manuel IV on his request for declaratory relief as to the 1976 deed because (1) in *Cavazos I* this court held the deed was inadequate as a matter of law to transfer the Vela Land to Manuel IV, and (2) the 1976 deed was ineffective to transfer any title to Manuel IV for the reasons previously asserted by Rentfro and Roberto in *Cavazos I*, i.e., Manuel had no interest to transfer, the property description was inadequate, no statement of the interest being conveyed, improper conveyance of an expectancy or future interest, and Manuel was not Berta's agent;

2. The trial court erred in granting summary judgment for Manuel IV and Ernesto based on their defense of lack of standing because Rentfro has standing pursuant to section 37.004(a) of the Declaratory Judgment Act, by virtue of admissions in documents filed in the federal bankruptcy court, and because she is an heir and beneficiary under the wills and trusts of Manuel and Anita;

3. The trial court erred in granting summary judgment in favor of Manuel IV and Ernesto based on the doctrine of ratification because the division orders were not sufficient to establish ratification;

4. The trial court erred in granting summary judgment in favor of Ernesto on his request for declaratory relief as to the 1992 deed because there are fact issues as to whether the deed was properly delivered and as to whether it was executed before the 1992 Trust was executed;

5. The trial court erred in granting summary judgment in favor of Ernesto and Manuel IV on Rentfro's claims for breach of fiduciary duty and breach of the duty of good faith and fair dealing because the evidence shows Ernesto was the attorney for the 1992 Trust

and he failed to prove he acted fairly with regard to trust matters and both failed to prove the conveyances at issue were fair; and

6. The trial court erred in granting summary judgment in favor of Manuel IV and Ernesto on all Rentfro's claims based on the statute of limitations because Manuel IV and Ernesto moved for summary judgment based on limitations originally and the trial court denied it, and they failed to appeal the denial in *Cavazos I*, and Rentfro's claims did not "ripen" until after her parents' deaths.

Because we find the limitations defense dispositive of all of Rentfro's claims, we need only address this issue. *See Carr*, 776 S.W.2d at 570 (holding that when trial court grants summary judgment without specifying the grounds therefore, appellate court must affirm summary judgment if any grounds are meritorious) *Chrismon*, 246 S.W.3d at 106 (same).

The primary purpose of statutes of limitations is to compel the exercise of a right within a reasonable time so that those against whom such rights are asserted have a fair opportunity to defend themselves while witnesses are available. *Garcia v. Garza*, 311 S.W.3d 28, 38 (Tex. App.—San Antonio 2010, pet. denied). As stated by the supreme court, "[i]t is in society's best interest to grant repose by requiring disputes be settled or barred within a reasonable time." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).

Manuel IV and Ernesto moved for summary judgment on the ground that all of Rentfro's claims–declaratory, legal, and equitable–were barred by limitations. Accordingly, they had the burden to conclusively establish limitations. *Garcia*, 311 S.W.3d at 39. To discharge their burden, Manuel IV and Ernesto produced summary judgment evidence establishing the challenged deeds were executed and recorded in 1976, 1985, and 1992. Moreover, in her own affidavit, which Manuel IV and Ernesto attached as part of their summary judgment proof,[4] Rentfro seems to acknowledge the deeds were executed and recorded shortly after those events

---

[4] Rentfro's affidavit was also attached to her response to the motions for summary judgment filed by Manuel IV and Ernesto.

occurred. Rentfro's affidavit also seems to suggest that before or soon after the deeds were signed, she was aware of all the alleged facts upon which she later based her 2003 intervention, which asserted claims for fraud, breach of fiduciary duty, conversion, conspiracy, etc. And, it is undisputed that the first time Rentfro ever alleged the deeds were invalid or sought any sort of relief arising from the execution of the deeds was May 14, 2003, when she filed her petition in intervention. This filing occurred more than twenty-seven years after the execution of the 1976 deed, eighteen years after the execution of the 1985 deed, and more than eleven years after the execution of 1992 deed.

Rentfro's complaints about the deeds raised the issue of whether the deeds were voidable for various reasons. We note that in this appeal Rentfro seems to ask this court to declare the 1976 deed void; however, we held in *Cavazos I* the inadequacies of the 1976 deed did not render the deed void. 246 S.W.3d at 180. And, it does not appear that Rentfro ever suggested the 1985 or 1992 deeds were void. Moreover, Texas law is clear that a deed allegedly procured by fraud, duress, or undue influence, but which is otherwise regular on its face, is voidable only and not void. *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976); *Dyer v. Dyer*, 616 S.W.2d 663, 665 (Tex. Civ. App.—Corpus Christi 1981, writ dism'd).

Based on our review of Rentfro's live petition, all of her claims, including those relating to the 1992 Trust, are predicated on an attempt to set aside the deeds, i.e., unless and until the deeds are set aside, there is nothing in the 1992 Trust to disburse and accordingly no breach of any duty relating to the trust. The limitations period for setting aside a voidable deed is four years. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (holding action to set aside voidable deed for fraud or at equity is governed by four-year statute of limitations); *Trustees of Casa View Assembly of God Church v. Williams*, 414 S.W.2d 697, 700 (Tex. Civ.

App.—Austin 1967, no writ) (holding suit was one to set aside deed, not to recover real estate, and therefore limitations period was four years); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) (stating that every action for which there is no express limitations period must be brought not later than four years after day cause of action accrues).  However, if Rentfro is somehow contending some of her claims were not predicated on setting aside the deeds, those claims would be governed by either two or four-year limitations periods.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (stating person must bring suit for trespass for injury to estate or to property of another, conversion of personal property, taking or detaining personal property, personal injury, forcible entry and detainer, and forcible detainer not later than two years after date cause of action accrues); § 16.004(a)(4)(5) (stating person must bring suit for fraud or breach of fiduciary duty not later than four years after date cause of action accrues); *see also* § 16.051 (stating that every action for which there is no express limitations period must be brought not later than four years after day cause of action accrues).  In any event, whether the two-year or four-year limitations period applies is irrelevant given the undisputed evidence establishes all of Rentfro's claims regarding the validity of the deeds were filed more than four years after the latest possible accrual date.

Under Texas law, a beneficiary who files suit to set aside a deed executed by an ancestor must do so within four years of the date the deed is recorded if the beneficiary had actual or imputed knowledge of the deed.  *E.g.*, *Veltmann v. Damon*, 696 S.W.2d 241, 243-44 (Tex. App.—San Antonio 1985), *rev'd and remanded in part on other grounds*, 701 S.W.2d 247 (Tex. 1985) (holding action by beneficiary to set aside deed was barred by four-year statute of limitations where deed was recorded in 1974 and heir did not bring suit until 1980); *Chapal v. Vela*, 461 S.W.2d 466, 469-70 (Tex. Civ. App.—Corpus Christi 1970, no pet.) (holding action by

beneficiaries of grantor against two of grantor's sons to cancel and set aside deed forty years after deed execution was barred by four-year statute of limitations;); *McKee v. Douglas*, 362 S.W.2d 870, 873-74 (Tex. Civ. App.—Texarkana 1962, writ ref'd n.r.e.) (holding beneficiaries and devisees stand in shoes of grantor of deed and four-year statute of limitations begins to run on date of deed execution on any claim by grantor to set aside deed); *Cushenberry v. Profit*, 153 S.W.2d 291, 297 (Tex. Civ. App.—Eastland 1941, writ ref'd w.o.m.) (holding beneficiaries were barred from setting aside deeds based on incapacity or undue influence by four-year statute of limitations); *Neill v. Pure Oil Co.*, 101 S.W.2d 402, 403-04 (Tex. Civ. App.—Dallas 1937, writ ref'd) (holding beneficiary was barred from setting aside deeds based on grounds grantor was of unsound mind by four-year statute of limitations where deeds were recorded in 1916 and 1926 and suit was not filed until 1934).

In this case, the summary judgment evidence, as noted above, shows Rentfro, a beneficiary, had actual notice of the deeds at the time they were executed and recorded. In her affidavit, Rentfro refers to the 1976 deed to Manuel IV, describing it as a "subterfuge for our father to hide his future estate." She also refers to the 1992 deed, stating that by the time it was executed, Manuel did not have the physical or mental capability to compose such a document. Her affidavit averments further establish she was aware of potential bases for setting aside the deeds long before her intervention was filed in 2003, thereby establishing her claims were barred by limitations. *See Chapal*, 461 S.W.2d at 469 (holding that if the facts as set forth in beneficiary's affidavit prepared for lawsuit were sufficient to convince him there was an exercise of undue influence over grantor, same facts should have been equally convincing forty years earlier when he learned of them). Moreover, even if there was no actual knowledge, knowledge is imputed to Rentfro because the deeds were recorded, which carries the same legal

consequence as "conscious knowledge." *See Veltmann*, 696 S.W.2d 244; *Chapal*, 461 S.W.2d at 469; *see also Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981) (holding person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records); *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 388 (Tex. 1965) (holding imputed knowledge carries same legal consequence as "conscious knowledge"); *Farias v. Laredo Nat'l Bank*, 985 S.W.2d 465, 468-69 (Tex. App.—San Antonio 1997, pet. denied) (holding statute of limitations began to run at time of sale where trust remaindermen were adults who knew or should have known that sale by trustee damaged trust).

In short, the summary judgment evidence establishes Rentfro's claims as to the deeds accrued in 1976, 1985, and 1992, when the deeds were recorded. So, as a practical matter, all of her claims accrued no later than 1992 when the 1992 deed was recorded. The summary judgment evidence establishes as a matter of law that Rentfro did not file suit until 2003, more than ten years after the latest of her potential claims accrued. Therefore, we hold Manuel IV and Ernesto established their affirmative defense of limitations as a matter of law.

Once the movants established their right to summary judgment based on limitations, the burden shifted to Rentfro to raise a fact issue negating limitations. In her response and on appeal, Rentfro seems to make two arguments in opposition to limitations. The first argument is a vague contention that her claims did not "ripen" until the death of Anita in 2002. Rentfro provides no authority or any substantive argument for this contention in either her summary judgment response or her brief. Second, and as to the substance of her arguments, she is incorrect at the very least with regard to her claims regarding the deeds. As set forth above, Texas law makes it very clear that actions by a beneficiary to set aside voidable deeds accrue at the time the deed is recorded, or at the very latest, when the beneficiary gains actual or imputed

knowledge of grounds upon which the deeds might be set aside. *See e.g.*, *Chapal*, 461 S.W.2d at 469-70; *McKee*, 362 S.W.2d at 873-74. Thus, we hold Rentfro's argument that her deed claims "ripened" only upon her mother's death is without merit.

As stated above, we construe all of Rentfro's claims as attempts to set aside the deeds, including those relating to the 1992 Trust. A careful review of Rentfro's petition in intervention shows she is contending the deeds should be set aside and if they are, she was entitled to disbursements pursuant to the 1992 Trust, which she contends were not made. At oral argument, Rentfro admitted that without the property covered by the deeds, the 1992 Trust is essentially without a corpus. Thus, for her trust claims to succeed, she must successfully set aside the deeds, and therefore, those claims are also barred by limitations based on our discussion relative to the deeds. However, even if the trust claims are independent of Rentfro's claims to set aside the deeds, summary judgment was proper on those claims, though not on limitations grounds.

In their limitations argument, Manuel IV and Ernesto combined Rentfro's claims regarding the deeds with her claims relating to the 1992 Trust, i.e., Manuel IV's and Ernesto's alleged breach of fiduciary duty and the duty of good faith and fair dealing. Rentfro contends these claims did not accrue until 2002, when Anita died and Manuel IV and Ernesto allegedly failed to make disbursements from the 1992 Trust. In other words, Rentfro contends her claims regarding her brothers' alleged breaches of their fiduciary duties and duties of good faith and fair dealing with regard to the 1992 Trust did not accrue until 2002, and therefore were not barred by limitations. This contention might have merit if the trust claims are considered independent of the deed claims. However, in addition to moving for summary judgment as to these claims based on limitations, Manuel IV and Ernesto also asserted there was *no evidence* of breach of fiduciary

duty or breach of the duty of good faith and fair dealing, which were the only claims asserted by Rentfro regarding the 1992 Trust.

As to the claim of breach of fiduciary duty, they each asserted there was (1) no evidence of the existence of a fiduciary duty owed by Manuel IV or Ernesto to Manuel, Anita, Roberto, or Rentfro in connection with the 1992 Trust, (2) no evidence of any breach of fiduciary duty by Manuel IV or Ernesto with regard to the 1992 Trust, and (3) no evidence that any breach caused injuries to Manuel, Anita, Roberto, or Rentfro. With regard to Rentfro's claim that they breached the duty of good faith and fair dealing, Manuel IV and Ernesto asserted there was (1) no evidence of the existence of any duty to Manuel, Anita, Roberto, or Rentfro, (2) no evidence of any breach of any such duty by Manuel IV or Ernesto, and (3) no evidence that any breach by Manuel IV or Ernesto resulted in injuries to Manuel, Anita, Roberto, or Rentfro. Because they filed a no evidence motion for summary judgment as to these claims, the burden was on Rentfro to produce more than a scintilla of summary judgment evidence on each of the challenged elements. *See* TEX. R. CIV. P. 166a(i).

In her response to this portion of the no evidence motions for summary judgment, Rentfro did produce some evidence that a duty existed, given Manuel IV's and Ernesto's positions as trustees, their possible status as attorneys for the 1992 Trust, or their familial relationship to Rentfro. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (recognizing trustee owes trust beneficiary fiduciary duty); *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962) (recognizing that fiduciary relationship may arise from "moral, social, domestic or purely personal relationships"); *Beck v. Law Offices of Edwin J. (Ted) Terry Jr., P.C.*, 284 S.W.3d 416, 428-29 (Tex. App.—Austin 2009, no pet.) (recognizing attorney owes client fiduciary duty). Viewing the evidence in the light most favorable to Rentfro and indulging all reasonable

inferences in her favor, there are summary judgment documents that at least suggest the possibility that Manuel IV and Ernesto owed Rentfro a fiduciary duty with regard to the 1992 Trust. *See City of Keller*, 168 S.W.3d at 827. However, whether there was or was not some evidence of a fiduciary relationship between Rentfro and her brothers with regard to the 1992 Trust is not dispositive. As noted above, Manuel IV and Ernesto challenged other elements in their no evidence motions beyond the absence of a fiduciary duty, and with regard to the other challenged elements–absence of evidence of breach of any duty and absence of any injury– Rentfro did not even respond to these challenged elements in her summary judgment response or in her brief. Rather, she insists the burden was on Manuel IV and Ernesto to prove their dealings with the 1992 Trust and its beneficiaries was "fair." This is incorrect. Once Manuel IV and Ernesto asserted under rule 166a(i) there was no evidence of breach and no evidence of injury on these claims, the burden was on Rentfro to produce more than a scintilla of evidence to raise a fact issue, which she failed to do. *See* TEX. R. CIV. P. 166a(i). Accordingly, even if limitations did not bar Rentfro's claims regarding the 1992 Trust, summary judgment was still proper on these claims based on Manuel IV's and Ernesto's no evidence motions for summary judgment.

Rentfro makes a second argument regarding the limitations defense. In her summary judgment response and in her brief, Rentfro contends that summary judgment based on limitations was improper because Manuel IV and Ernesto moved for summary judgment on this basis pre-*Cavazos I*, the trial court denied their motions on the basis of limitations, and they failed to appeal the denial. Accordingly, she contends, they were not entitled to "relitigate" the matter on remand or in this appeal. This contention is without merit.

First, although Manuel IV and Ernesto moved for summary judgment in their original motions on the ground that Rentfro's claims were barred by limitations, the trial court did not

"deny" any motion for summary judgment by Manuel IV and Ernesto based on limitations. As this court specifically recognized in *Cavazos I*:

> The trial court rendered summary judgment on specific grounds . . . [t]he trial court did not render summary judgment on any claim asserted by [Roberto or Rentfro] . . . or any defenses asserted by [Manuel IV or Ernesto] (e.g., lack of standing or limitations). Instead, in the summary judgment, the court severed "issues and causes of action . . . not disposed of with the granting of the Partial Summary Judgment." Thus, all of Roberto's and Anita Rentfro's claims, except those for declaratory relief on the validity of the deeds, and any defenses to those claims remained pending in the severed action.

246 S.W.3d at 178. Moreover, even if the trial court had denied Manuel IV's and Ernesto's motions for summary judgment based on limitations, their failure to appeal this ruling would not preclude them from asserting it on remand. It is certainly possible that a summary judgment movant might not have sufficient evidence to establish an affirmative defense as a matter of law when the motion for summary judgment is first filed, but this does not mean that prior to the entry of any final judgment such evidence might not become available, allowing the movant to amend, refile, or reurge the motion for summary judgment based on additional evidence. Accordingly, Rentfro's "relitigation" argument is without merit.

Before concluding, we note that in her statement of the issues, though not by argument in her brief, Rentfro contends the trial court erred in granting summary judgment on Manuel IV's and Ernesto's claims for attorney's fees against Rentfro. She seems to suggest these claims are barred by limitations. There are, however, at least two problems with this issue. First, this claim was specifically severed in the trial court's summary judgment and severance order. Thus, the trial court did not rule upon Manuel IV's and Ernesto's claim for attorney's fees against Rentfro. Second, limitations is an affirmative defense that must be specifically pled. TEX. R. CIV. P. 94. We can find no pleading in which Rentfro asserted limitations in response to Manuel IV's and

Ernesto's claim for attorney's fees. Finally, Rentfro asserted this issue in her statement of the issues, but failed to provide an argument or authority in support of it. In fact, she makes no mention of it in the argument portion of her brief, and has therefore failed to properly brief it. *See* TEX. R. APP. P. 38.1(i).

In sum, we hold the trial court properly granted summary judgment in favor of Manuel IV and Ernesto on grounds of limitations. Even if we consider the claims as to the 1992 Trust separate and find they did not accrue until Anita's death in 2002, summary judgment was proper because Rentfro failed to raise a fact issue in response to Manuel IV's and Ernesto's no evidence motions for summary judgment on the trust claims.

## CONCLUSION

Based on the foregoing, we overrule Rentfro's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice